Ould Sid Ahmed v. Lynch

BIA
Christensen, IJ
A200 165 336

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
### <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of February, two thousand sixteen.

PRESENT:
> DENNIS JACOBS,
> ROSEMARY S. POOLER,
> SUSAN L. CARNEY,
> *Circuit Judges*.

_____

SID AHMED OULD DENA OULD SID AHMED,
> *Petitioner*,

v.                                        13-3883
                                          NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:      Thomas V. Massucci, New York, NY.

FOR RESPONDENT:      Stuart F. Delery, Assistant Attorney General; Paul Fiorino, Senior Litigation Counsel; Matthew B. George, Trial Attorney; Jaimie M. Lowen, Law Clerk; Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sid Ahmed Ould Dena Ould Sid Ahmed, a native and citizen of Mauritania, seeks review of a September 20, 2013 order of the BIA, affirming the July 12, 2012 decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ould Sid Ahmed*, No. A200 165 336 (B.I.A. Sept. 20, 2013), *aff'g* No. A200 165 336 (Immig. Ct. N.Y.C. July 12, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified and supplemented by the BIA, and assume Ould's[1] credibility. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

_____

[1]As both parties' briefs refer to Petitioner as "Ould," we do so as well.

2

Substantial evidence supports the agency's finding that Ould's fear of future persecution was not objectively reasonable. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). Ould claimed fear of persecution at the hands of his family for the transgression of drinking beer. But the agency found that the reasonableness of such a fear is undercut by the long time Ould safely spent in Mauritania after his family learned that he drank beer. Ould has supplied no reason for disputing that determination. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

The only objective evidence Ould submitted to show that he might be harmed in Mauritania was a summons from the Mauritanian government, and a country report stating that Mauritania enforces its prohibition on alcohol. Punishment "for violation of a generally applicable criminal law is not persecution," *Saleh v. U.S. Dep't of Justice*, 962 F.2d 234, 239 (2d Cir. 1992), and persecution cannot be established merely on the basis of a constraint in personal liberty that we would find oppressive in the United States. *Y.C. v. Holder*, 741 F.3d 324, 338 (2d Cir. 2013). Ould also has not shown that the law he is fleeing is enforced in a discriminatory fashion that would constitute persecution on

account of religious beliefs. *See Saleh*, 962 F.2d at 239; *Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010). Ould thus failed to show that the agency erred in denying asylum and withholding of removal based on his fear of alcohol-based prosecution by the Mauritanian government. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 162 (2d Cir. 2008).

For the foregoing reasons, the petition for review is DENIED.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk
```

4